UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN SABAHI,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 19-cv-02155-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 34 |

## I.   INTRODUCTION

After Plaintiff Allen Sabahi brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case and the Commissioner issued a decision in his favor. Sabahi's attorney, Jesse Kaplan, now seeks $17,795 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 34. The government has not filed a response. For the following reasons, the Court **GRANTS** the motion.

## II.   BACKGROUND

Sabahi brought this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). On November 18, 2020, the Court remanded for further proceedings. ECF No. 27. The Court subsequently granted the parties' stipulation for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,795. ECF No. 33.

On remand, the Commissioner granted Sabahi's application and awarded $84,920 in retroactive benefits. Kaplan Decl., Ex. 1 (Notice of Award), ECF No.34-1. Under a contingent-fee agreement, Sabahi agreed to pay counsel up to 25% of any past-due benefits award, which in this case would be $21,230. *Id.*, Ex. 2 (Fee Agreement), ECF No. 34-2.

### III. LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150. However, "the court may require counsel to submit a

record of hours spent and a statement of normal hourly billing charges[,] . . . but only *as an aid* in assessing the reasonableness of the fee." *Id.* (emphasis in original).

Additionally, a § 406(b) fee award is offset by any award of EAJA fees. Thus, if the court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

## IV. DISCUSSION

The Court finds counsel has met his burden to demonstrate the requested fees are reasonable. As noted above, Sabahi entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Kaplan's performance was substandard; to the contrary, counsel's representation resulted in Sabahi receiving $84,920 in past-due benefits. *See Crooks v. Kijakazi*, 2022 WL 1469519, at *2 (N.D. Cal. May 10, 2022) (awarding 25% under contingent fee agreement where plaintiff received $93,233 in benefits upon remand); *Matos v. Saul*, 2021 WL 1405467, at *2 (N.D. Cal. Apr. 14, 2021) (awarding 25% under contingent fee agreement where plaintiff received $109,899.60 in benefits upon remand).

Kaplan states his "fee agreements for long term disability cases refer to a rate of $250 per hour but in fact are based on a contingent fee of one-third of amounts recovered; and in Social Security matters I usually represent clients on a contingent fee basis of 25 percent of past due benefits within the framework of the Social Security Act and regulations." Kaplan Decl. ¶ 4. He also states he spent 43.75 hours working on this case, leading to an effective hourly rate of $406 per hour. Mot. at 5-7. While this is higher than his typical rate, the Court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract

1  for which there runs a substantial risk of loss."). As such, the requested fee is reasonable because
2  of the substantial risk of loss inherently involved in representing Social Security disability
3  claimants. *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and
4  $902); *McCullough v. Berryhill*, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving
5  effectively hourly rate of $874.72); *Harrell v. Berryhill*, 2018 WL 4616735, at *4 (N.D. Cal. Sept.
6  24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*,
7  2017 WL 168060, at * 2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131);
8  *Palos v. Colvin*, 2016 WL 5110243, at * 2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly
9  rate of $1,546.39). The Court therefore finds the requested fees are reasonable.

Once the Court determines the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Sabahi the $7,795 in EAJA fees previously awarded. *See Crooks*, 2022 WL 1469519, at *2 (finding § 406(b) request reasonable and directing counsel to refund to client fees previously awarded under the EAJA).

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $17,795, payable to Jesse Kaplan. Counsel is **ORDERED** to refund the $7,795 EAJA fee award to Plaintiff Allen Sabahi.

**IT IS SO ORDERED.**

Dated: December 5, 2022

THOMAS S. HIXSON
United States Magistrate Judge